# CASES

# APPELLATE COURTS OF ILLINOIS.

## FOURTH DISTRICT—AUGUST TERM, 1899.

### Swift & Co. v. Louis Zerwick, Adm.

1. MASTER AND SERVANT—*Knowledge of Dangerous Conditions.*— Where a machine is in a dangerous condition and the servant knows it, or by reasonable care could have known it, he can not recover if he continues to work and is injured by it.

2. EVIDENCE—*Of Reasonable Care Where no one Witnessed the Death.* —Where the question of reasonable care on the part of the deceased is important and no one witnessed the occurrence resulting in death, it is competent to prove the habits of the deceased as to his carefulness and caution by witnesses who, from their personal knowledge, know what these habits were.

**Action in Case,** for damages, death from negligence, etc. Appeal from the Circuit Court of St. Clair County; the Hon. MARTIN W. SCHAEFER, Judge, presiding. Heard in this court at the August term, 1899. Reversed and remanded. Opinion filed March 16, 1900.

WISE & McNULTY, attorneys for appellant.

ALEX. FLANNIGEN and B. H. CANBY, attorneys for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

Pearson, the deceased, aged twenty-seven years, was employed in the packing house of appellant, in East St.

Louis. A part of his duties was to oil a hanger, near a coupling on a shaft. It was oiled by using a can with a long spout, while standing on a board about three feet lower than the shaft and at right angles to it. The coupler was introduced in evidence, and was a patent, compressed coupler, having a web or slight projection, running parallel with the shaft, intending to protect the nuts or screws and to prevent anything from being caught by them. No one saw the accident, but it is apparent that deceased met his death from being in some way caught by the coupler or by the shaft.

There were six counts in the declaration, referred to as the first, second and third original counts, and the first, second and third additional counts. The jury was instructed by the court to disregard the first and second original, and the first and second additional counts, leaving for consideration the third original and the third additional counts.

Appellant filed a plea of the general issue. Verdict and judgment for appellee for $1,600.

The negligence charged is, in substance, that on the shaft there was a coupling locked together by pins, or iron bolts, which, when properly adjusted, do not project, but are flush with the shaft; but that said pins or bolts were not properly adjusted, but were by defendant negligently and carelessly permitted to project out from said coupling one-half to one inch; that while said Pearson was standing on said board and oiling said machinery, and exercising ordinary care and caution, said projecting nuts or bolts caught his clothing, while said shaft was revolving at the rate of, to wit, five hundred revolutions a minute, thereby causing his death, etc.

The deceased, for three weeks prior to his death, had regularly oiled this coupler once or twice a day, as it needed oiling, and for two months prior to his regular employment had occasionally acted as an extra oiler. When employed he represented himself to be familiar with this kind of work.

There is a conflict in the evidence as to whether deceased

was caught by bolts on the coupler, or by the shaft to which the coupler was attached. Booth, a witness for appellee, who was present when the body was taken down, testifies that his clothes caught on the bolts of the coupler. Other witnesses testify that, from appearances, the deceased was caught on the shaft, by reason of "waste" in his pocket. No one saw the occurrence.

An important factor in weighing the evidence is whether the coupler in evidence before the jury and brought before the court for inspection, is the identical coupler in use when the injury occurred. If it is and its condition is the same, the allegations in the declaration in reference to it are not sustained. Booth, a witness for appellee, testifies that the bolts projected and that the coupler in evidence is not the same coupler, and that he never saw one like the coupler in evidence. Chenowith, a witness for appellee, who showed him over the plant at the time of his employment, testifies to projecting bolts; he does not express any opinion as to the coupler's identity, but does testify that it is similar to the one used.

Puttman, the master mechanic of the factory, contradicts both Booth and Chenowith as to the projecting bolts and swears positively to the identity of the coupler and that he took it off the shaft himself and that its condition is not changed.

Three other witnesses, employes of appellant, corroborate Puttman as to the identity of the coupler. Booth is also contradicted in some other parts of his testimony. If the coupler in evidence is the identical coupler in use when Pearson was killed, and its condition unchanged, it is material evidence that, in silence, but effectually, contradicts the allegations of the declaration, and thereby rebuts the charge of appellant's negligence.

As to the allegation of due care on the part of deceased, it may be said that the evidence shows that he represented himself to be an experienced oiler; that he was shown the plant and machinery by Chenowith, a witness for appellee, before his employment; that for two months before his

regular employment he had acted as an extra, and for three weeks before his death as a regular oiler, seeing the coupler twice a day, and that a part of his duty was to inspect and report upon the condition of the machinery. If the coupler was in a dangerous condition and he knew it, or by reasonable care could have known it, and he continued to work, appellee can not recover. Howe v. Medaris, 183 Ill. 288; C. & E. I. R. R. v. Driscoll, 176 Ill. 330.

The question of reasonable care on the part of the deceased was an important and close question in the case. As no one saw the occurrence, it was competent to prove the habits of the deceased as to carefulness and caution. This could only be done by witnesses who, from their personal knowledge, knew what these habits were.

John Chenowith, called by appellee, testified:

" I knew Pearson about a year and a half previous to the accident.

Q. What would you say with regard to his habits—whether he was a careful or cautious man in the performance of his work or not?

Objected to; objection overruled; exceptions.

Q. You may state now what his habits were in reference to care and caution while he was engaged in the performance of his work, if you know. A. He was pretty careful while he was being shown the plant, and I think otherwise he was.

Objected to.

Q. From what you saw of him, the manner of his doing his work? A. Well, the manner of his doing his work, he was very careful.

Cross-examination:

Q. How often did you see him in this work? A. I didn't see him at all only when we first showed him the plant. I think I showed him around three or four days before he was capable of taking the place. I never saw him working at all. I don't know what his manner was then. I do not know whother he was cautious or not when he was alone. He did oil under my direction while I was showing him. He seemed to be careful. I never saw him oiling the machinery when I came to relieve him. I only saw him when I was showing him how to do the work; that was three months prior to the accident."

Motion by defendant's counsel to exclude all this evidence as to Pearson's habits while working, because the witness says he never saw him at work.

Motion denied and appellant excepted.

In refusing to exclude this testimony the court erred. The witness not only failed to qualify himself to answer as to the deceased's habits while working, but affirmatively showed that he did not know what they were.

The testimony of Mrs. Pearson on this issue was not responsive to questions asked. But the record shows no motion to strike it out.

There was no error in refusing the instruction to find for the defendant. There was evidence for appellee that justified submitting the case to the jury. Rack v. Chi. C. R. Co., 173 Ill. 294; Roberts v. C. & G. T. Ry. Co., 78 Ill. App. 529.

Upon a careful examination of the evidence in the case and the refusal of the court to exclude the testimony of Chenowith above referred to, we think the issues should again be submitted to a jury.

Judgment reversed and case remanded.